## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**PEDRO ALEXANDRE MENDES SILVA,**

**Plaintiff,**

**v.**

**ALEJANDRO MAYORKAS, *et al.*,**

**Defendants.**

</td><td>

**Case No. 22-cv-44-ZMF**

</td></tr>
</table>

## <u>MEMORANDUM OPINION</u>

### I.      BACKGROUND

On January 7, 2022, Plaintiff Pedro Alexandre Mendes Silva sued Defendants Secretary of Homeland Security Alejandro Mayorkas and Ur Mendoza Jaddou Andrew Davidson, Director of the United States Citizenship and Immigration Services (USCIS), in the U.S. District Court for the District of Columbia seeking to compel adjudication of his I-601 Application for Waiver of Grounds of Inadmissibility ("I-601").  Compl. ¶ 1, ECF No. 1.  Before the Court is Defendants' motion to transfer this case to the U.S. District Court for the District of Nebraska or, in the alternative, to dismiss.  *See* Defs.' Mot. to Transfer and Dismiss (Defs.' Mot.), ECF No. 9.  Upon consideration of the parties' briefings, the relevant case law, and the entire record herein, the Court shall grant Defendants' motion to transfer venue and deny their motion to dismiss without prejudice.

### II.     STATEMENT OF FACTS

Mr. Silva, a citizen and resident of Portugal, is the spouse of Ms. Christina Ramos, a United States citizen, and the father of their United States citizen child.  Compl. ¶ 13.  On March 6, 2020, Mr. Silva was found inadmissible to the United States under INA § 212(a)(6)(C)(i) due to an

alleged past misrepresentation. *See id.* ¶ 23. On July 29, 2020, Mr. Silva filed his I-601, the approval of which would allow Mr. Silva to immigrate to the United States by waiving the ground of inadmissibility. *See id.* ¶¶ 1–2. Mr. Silva's I-601 is now under consideration before USCIS at its Nebraska Service Center. *See id.* ¶ 24.

## III.   LEGAL STANDARD

"A case may be transferred to any district where venue is also proper '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (quoting 28 U.S.C. § 1404(a)). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The movant "bear[s] the burden of persuasion on the transfer issue." *SEC v. Savoy Indus., Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (citation omitted).

## IV.   ANALYSIS

### A.   Motion to Transfer

"Determining whether transfer is appropriate pursuant to section 1404(a) calls for a two-part inquiry." *Bourdon v. U.S. Dep't of Homeland Sec.,* 235 F. Supp. 3d 298, 304 (D.D.C. 2017).

#### 1.   *District of Nebraska Has Venue*

"The first step in resolving a motion for transfer of venue under § 1404(a) is to determine whether the proposed transferee district is one where the action 'might have been brought.'" *Ctr. for Env't Sci., Accuracy & Reliability v. Nat'l Park Serv.*, 75 F. Supp. 3d 353, 356 (D.D.C. 2014) (quoting 28 U.S.C. § 1404(a)). Defendants correctly point out—and Mr. Silva does not dispute— that this case "might have been brought" in the District of Nebraska because Mr. Silva's I-601

application is being processed there.  *See* 28 U.S.C. § 1391(e); Pl.'s Opp'n to Defs.' Mot. to

Transfer and Dismiss (Pl.'s Opp'n) at 4, ECF No. 8.

> 2.   *Private and Public Factors Favor Transfer*

"The second step of the Court's analysis is determining whether the relevant private and

public interest factors weigh in favor of transferring the action."  *Bourdon*, 235 F. Supp. 3d at 305.

Courts consider the following six private interest factors:

> (1) the plaintiffs' choice of forum, unless the balance of
> convenience is strongly in favor of the defendants; (2) the
> defendants' choice of forum; (3) whether the claim arose elsewhere;
> (4) the convenience of the parties; (5) the convenience of the
> witnesses of the plaintiff and defendant, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> and (6) the ease of access to sources of proof.

*Greater Yellowstone Coalition v. Bosworth*, 180 F.Supp.2d 124, 127 (D.D.C. 2001).  "The only

private interest factor that counsels in favor of retaining venue here is that the District of Columbia

is the plaintiffs' preferred forum, which 'is typically entitled to deference.'"  *Pasem v. U.S.

Citizenship & Immigr. Servs.*, 2020 WL 2514749, at *4 (D.D.C. May 15, 2020) (quoting *Sallyport

Global Servs., Ltd. v. Arken Int'l, LLC*, 78 F. Supp. 3d 369, 373 (D.D.C. 2015)).  However, "such

deference is minimized when the forum chosen is not the plaintiff's home forum."  *Sallyport

Global*, 78 F. Supp. 3d 373.  Thus, the first factor "counts for less when, as here, the plaintiff does

not reside in that forum."  *Rasool v. Mayorkas*, No. 21-cv-2367, 2021 WL 5492976, at *2 (D.D.C.

Nov. 23, 2021).

"The second and third factors both support transfer because Defendants prefer the [District

of Nebraska] and the claim arose there."  *Id.* at *2 (citing *Nat'l Ass'n of Home Builders v. U.S.

Env't Prot. Agency*, 675 F. Supp. 2d 173, 179 (D.D.C. 2009)).  Indeed, "challenges to individual

immigration decisions generally arise in the forum of the USCIS service center that processed the

application at issue." *Pengbo Li v. Miller*, No. 20-cv-1122, 2021 WL 1124541, at *4 (D.D.C. Mar. 24, 2021).

Mr. Silva responds that his case is properly within this district because he is challenging the national immigration strategy of delayed processing of applications, which he claims agency leadership in the District of Columbia implemented.  *See, e.g.*, Pl.'s Opp'n at 8, 13.

Mr. Silva's argument fails for two reasons.  First, Mr. Silva did not challenge or identify a nationwide policy or practice in his complaint but instead sought judicial intervention in the processing of his individual application.  *See* Compl. ¶¶ 39–40.  A plaintiff cannot claim venue in the District of Columbia "[b]y naming high government officials as defendants" because it would allow "a plaintiff [to] bring a suit here that properly should be pursued elsewhere."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).  Second, even if Mr. Silva challenged a national USCIS policy or practice, venue in the District of Columbia is inappropriate because USCIS is headquartered in Maryland.  *See, e.g.*, *Laurel v. U.S. Citizenship & Immigr. Servs.*, No. 21-cv-0552, 2022 WL 971236, at *3 (D.D.C. Mar. 31, 2022) (granting transfer from the plaintiff's choice of forum—the District of Columbia—because "USCIS headquarters moved to Maryland in 2020, before [the plaintiff] filed her case").  And there is no support for Mr. Silva's claim that USCIS should still be considered to reside in the District of Columbia for purposes of venue because "Camp Spring, Maryland is essentially a city within Washington, DC."  Pl.'s Opp'n at 14.  Judicial districts are based on maps, not truthiness.[1]  *See, e.g.*, *Rasool*, 2021 WL 5492976, at *2 (granting motion to transfer; finding that USCIS's authority over immigration means that even "a challenge

---

[1] *See* The Colbert Report, *The Word – Truthiness*, Comedy Central (Oct. 17, 2005), https://www.cc.com/video/63ite2/the-colbert-report-the-word-truthiness.

to the entire asylum system" would need to be brought in Maryland, the home of USCIS, rather than the District of Columbia).

The parties agree that the remaining private interest factors—the convenience to the parties, witnesses, and of access to evidence—are neutral here because presentation of testimony or evidence is atypical in cases like this. *See* Defs.' Mot. at 7; Pl.'s Opp'n at 14. Nonetheless, the Court recognizes that the "[District of Nebraska] is convenient for Defendants because that is where the relevant USCIS office and staff are located." *Rasool*, 2021 WL 5492976, at *3. Mr. Silva's preference for suit in the District of Columbia is overcome by the weight of the remaining private interest factors, each of which favors transfer to Nebraska or is neutral. *See, e.g.*, *Pasem*, 2020 WL 2514749, at *4 (transferring venue despite the plaintiffs' preference for the District of Columbia).

3.    *Public Factors Favor Transfer*

Next, the Court examines the public interest factors. *See Bourdon*, 235 F. Supp. 3d at 305. "These factors include (1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Id.* at 308.

The first two factors are of little relevance here. According to the parties, both districts are equally familiar with the laws at issue and have comparable congestion. *See Pasem*, 2020 WL 2514749, at *3 ("[F]ederal district courts are 'equally familiar' with federal law, so that factor does not tip the scale in either direction.") (quoting *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 20 (D.D.C. 2008)); *see also* Pl.'s Opp'n at 9–10 (citing Median Time Interval of 5.5 months in the District of Columbia and 5.0 months in the District of Nebraska).

5

The local interest in deciding local controversies is "[t]he most important public interest factor," *Rasool*, 2021 WL 5492976, at *4.  This factor favors the District of Nebraska because "districts that encompass [a] service center[] have a greater interest in deciding these claims than this Court." *Pasem*, 2020 WL 2514749, at *3; *see also Pengbo Li*, 2021 WL 1124541, at *4 (holding "claims arose primarily in the District of Nebraska" even though "the fact that the [Nebraska service center] reviewed this particular petition was the result of a decision made by USCIS agency officials in the District of Columbia").  Indeed, "the district in which the relevant USCIS Field Office is located is better positioned to be involved in dictating the priorities of a local USCIS office and may have a superior interest in doing so." *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 105 (D.D.C. 2010) (cleaned up). Thus, "[c]ases challenging the actions of local USCIS offices are frequently, and appropriately, transferred to the venue encompassing those local offices." *Bourdon*, 235 F. Supp. 3d at 305; *see, e.g.*, *Mukherjee v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-0676, 2020 WL 3447963, at *3 (D.D.C. June 24, 2020) (severing and transferring claims seeking to compel action on immigration applications to the districts where the applications were pending); *Pasem*, 2020 WL 2514749, at *4 (same); *Ike v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-1744, 2020 WL 7360214, at *1 (D.D.C. Dec. 15, 2020) (transferring action seeking review of the denial of an immigration application to the district where the denial occurred); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 84 (D.D.C. 2009) (transferring case seeking to compel action on immigration application to the district where application was pending).

Mr. Silva again argues that the District of Columbia has the greater interest in deciding this case because of the authority and influence of agency leadership within the District of Columbia. *See* Pl.'s Opp'n at 5–8.  However, "[Mr. Silva] does not allege that the DHS Secretary or . . . CIS Directors were personally involved with the processing or adjudication of his application." *Aftab*,

597 F. Supp. 2d at 81. "Even if these officials had some involvement in policy decisions that affect [Mr. Silva], attenuated or insignificant involvement by an official in the District of Columbia does not support venue here." *Id.* at 82 (citing *Marks v. Torres*, 576 F. Supp. 2d 107, 111 (D.D.C. 2008)). Thus, the local interest in deciding local controversies strongly favors transfer to the District of Nebraska. *See, e.g.*, *id.* at 84. Defendants have met their "burden of persuasion on the transfer issue." *Savoy Indus.*, 587 F.2d at 1154.

## V.   CONCLUSION

"For the reasons set forth above, the Court shall grant Defendant's motion to transfer venue and shall deny without prejudice Defendants' motion to dismiss so that Defendants may refile that motion, if appropriate, upon transfer to the [District of Nebraska]." *Abusadeh v. Chertoff*, 2007 WL 2111036, at *9 (D.D.C. July 23, 2007).

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE